# IN THE COURT OF APPEALS OF IOWA

No. 19-0274
Filed April 17, 2019

**IN THE INTEREST OF A.F., A.F., A.F., and S.F.,**
**Minor Children,**

**K.F., Mother,**
 Appellant.
_____

 Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.


 A mother appeals the termination of her parental rights to her children. **AFFIRMED.**


 Barbara E. Maness, Davenport, for appellant mother.

 Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

 J. David Zimmerman, Clinton, guardian ad litem for minor children.


 Considered by Vogel, C.J., and Doyle and Mullins, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

A mother appeals the juvenile court order terminating her parental rights to her children. She contends the State failed to make reasonable efforts and termination is contrary to the children's best interests. She also contends the juvenile court should have continued the termination hearing given its observations concerning her mental status. We review orders terminating parental rights de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The children were removed from the mother's care and adjudicated to be children in need of assistance (CINA) in April 2018 due to concerns regarding the mother's substance-abuse and mental-health issues, as well as domestic violence in the home. Aside from one attempt at reunification with one of the children that lasted less than thirty days, the children have remained out of the mother's care since the initial removal. When the mother failed to make progress on the issues that led to the CINA adjudication, the State petitioned the court to terminate the mother's parental rights. At the termination hearing, the mother admitted she was using methamphetamine and that the children could not be returned to her care. The juvenile court entered an order terminating the mother's parental rights under Iowa Code section 232.116(1)(d),(h), and (i) (2018).

The mother contends the State failed to make reasonable efforts to return the children to her care. *See* Iowa Code § 232.102(9) (requiring the Iowa Department of Human Services (DHS) to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). Although the State has an obligation to make reasonable efforts toward reunification of the family, "a parent has an equal obligation to

demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

> In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding. If a parent has a complaint regarding services, the parent must make such challenge at the removal, when the case permanency plan is entered, or at later review hearings. Moreover, voicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge.

*In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (citations omitted).

It is unclear how the mother asserts she preserved error on her claim concerning the State's failure to make reasonable efforts. However, our review of the record does not disclose that she requested additional services at any time prior to termination. In each review order, the juvenile court found that the State was making reasonable efforts. The juvenile court reiterated this finding in its termination order. Nothing in the record documents that the mother requested any additional services. Accordingly, we find the mother failed to preserve this issue for our review.

The mother next contends termination of her parental rights is contrary to the children's best interests. *See In re D.W.*, 791 N.W.2d 703, 706-07 (Iowa 2010) ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In making this determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778

N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). Throughout the proceedings, the mother failed to participate in the services offered to her and failed to show any discernible improvement with regard to the risks she presented. The mother conceded the children could not be returned safely to her care at the time of the termination hearing. As the court noted in the termination order, "recent visits between the mother and the children have deteriorated to the point where visits are not in the best interests of the children due to the mother's negative behaviors at these visits." Considering the children's safety and need for a permanent home, we conclude termination of the mother's parental rights is in the children's best interests.

Finally, the mother argues the district court should have continued the termination hearing due to her mental-health status. She erroneously contends she preserved error by timely filing a notice of appeal. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006). The mother never requested a continuance. When asked if the parties were ready to proceed with the termination hearing, her attorney responded affirmatively. However, the mother argues the court should have continued the hearing on its own motion based on the following observation in the termination order:

> The mother testified on the stand. She appeared to be in the throes of her substance abuse addiction and in the throes of her mental health issues and was completely disoriented as to the purposes of today's hearing and what was going on. It is clear that her emotions prevented her from participating in the hearing effectively, and her

demeanor on the stand is indicative of her failure to participate in the case plan in this matter.

Even after the juvenile court entered the termination order, the mother made no motion to set aside the ruling based on the claims she now raises on appeal. *See In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994) (noting that our rule concerning motions to reconsider, enlarge, or amend applies to juvenile court termination proceedings). Even assuming there is merit to her argument that the juvenile court had a duty to continue the hearing sua sponte based on its observations of the mother during her testimony at the hearing, her claim is not preserved for our review. *See In re T.J.O.*, 527 N.W.2d 417, 420 (Iowa Ct. App. 1994) ("As a general rule, an issue not presented in the juvenile court may not be raised for the first time on appeal.").

To the extent the mother seeks additional time for reunification, we are in agreement with the juvenile court and "cannot find any additional time in this matter will affect the mother's ability to have the children returned to her care." Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification

set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). Children are not equipped with pause buttons, and denying a child permanency in favor of a parent is contrary to the child's best interests.

We affirm the order terminating the mother's parental rights.

**AFFIRMED.**